**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

CDR PRINTING LLC,                          )
                                           )
                    Plaintiff,             )          CASE NO. 2:14-CV-00802-JRG
                                           )
          v.                               )
                                           )          JURY DEMANDED
                                           )
CANON U.S.A., INC.                         )
                                           )
                    Defendant.             )
_____        )
                                           )

### DEFENDANT CANON U.S.A., INC.'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S ORIGINAL COMPLAINT

Defendant Canon U.S.A., Inc. ("Canon") hereby answers the Original Complaint for Patent Infringement (the "Complaint") filed by plaintiff CDR Printing, LLC ("CDR") as follows:

### PARTIES

1.      Canon lacks knowledge or information sufficient to form a belief regarding the truth of the allegations in Paragraph 1 of the Complaint and therefore denies those allegations.

2.      Canon admits the allegations of Paragraph 2 of the Complaint.

### JURISDICTION AND VENUE

3.      Canon admits that this action, as described by the allegations in the Complaint, arises under the patent laws of the United States, Title 35 of the United States Code.  Canon admits that this Court has subject matter jurisdiction over Plaintiff's allegations pursuant to 28 U.S.C. §§ 1331 and 1338(a).

4.      Paragraph 4 of the Complaint states a conclusion of law to which no responsive pleading is required.  To the extent a response is deemed to be required, Canon admits that venue may lie in this judicial district, but denies that venue in this district is the most convenient forum.

Except as expressly admitted and as required, Canon denies the allegations in Paragraph 4 of the complaint.

5.      Paragraph 5 of the Complaint states conclusions of law to which no responsive pleading is required.  To the extent a response is deemed to be required, Canon admits, as to themselves, that they have sold goods in the Eastern District of Texas.  Except as expressly admitted, Canon denies the allegations in Paragraph 5 of the Complaint.

## COUNT I

## INFRINGEMENT OF U.S. PATENT NO. 7,271,929 (the "'929 patent")

6.      Canon admits that the '929 patent states that it issued on September 18, 2007.  As to the remaining allegations in Paragraph 6 of the Complaint, Canon lacks knowledge or information sufficient to form a belief regarding the truth of those allegations and therefore denies those allegations.

7.      Canon denies the allegations in Paragraph 7 of the Complaint.

8.      Canon denies the allegations in Paragraph 8 of the Complaint.

9.      Canon denies the allegations in Paragraph 9 of the Complaint.

## PRAYER FOR RELIEF

10.      Canon denies that Plaintiff is entitled to any of the relief set forth in Paragraph 1 of its Prayer for Relief.

11.      Canon denies that Plaintiff is entitled to any of the relief set forth in Paragraph 2 of its Prayer for Relief.

12.      Canon denies that Plaintiff is entitled to any of the relief set forth in Paragraph 3 of its Prayer for Relief.

13.      Canon denies that Plaintiff is entitled to any of the relief set forth in Paragraph 4 of its Prayer for Relief.

## FIRST AFFIRMATIVE DEFENSE

### (Non-infringement)

14.     Canon is not infringing and has not infringed any claim of the '929 patent, either

directly or by contribution or inducement, either literally or under the doctrine of equivalents.

## SECOND AFFIRMATIVE DEFENSE

### (Invalidity)

15.     On information and belief, all of the claims of the '929 patent are invalid for

failure to comply with one or more of the requirements under Title 35 of the United States Code,

including but not limited to 35 U.S.C. §§ 101, 102, 103, 112, and/or 256.

## THIRD AFFIRMATIVE DEFENSE

### (Laches and Estoppel)

16.     On information and belief, Plaintiff is barred in whole or in part from asserting

the '929 patent against Canon by the equitable doctrines of laches, waiver, and estoppel.

## FOURTH AFFIRMATIVE DEFENSE

### (Limitations and Notice)

17.     Plaintiff's ability to recover from Canon is limited by 35 U.S.C. §§ 286-288.

## FIFTH AFFIRMATIVE DEFENSE

### (Prosecution History Estoppel)

18.     By reason of statements and representations made by the patentee to the United

States Patent and Trademark Office during the prosecution of the application that issued as the

'929 patent, or by reason of prior acts, CDR is estopped from asserting infringement of the '929

under the doctrine of equivalents.

## SIXTH AFFIRMATIVE DEFENSE

### (No Basis for Injunctive Relief)

19.    CDR is not entitled to injunctive relief because any alleged injury to CDR is not immediate or irreparable and CDR has an adequate remedy at law.

## DEMAND FOR JURY TRIAL

In accordance with Rule 38 of the Federal Rules of Civil Procedure, Canon hereby demands a trial by jury.

Dated: September 29, 2014

*/s/ Eric H. Findlay*
Eric H. Findlay
State Bar No. 00789886
Brian Craft
State Bar No. 04972020
Findlay Craft, P.C.
102 N. College Ave., Suite 900
Tyler, TX 75702
Tel: (903) 534-1100
Fax: (903) 534-1137
efindlay@findlaycraft.com
bcraft@findlaycraft.com

Joseph A. Calvaruso
Richard Martinelli
Ryan C. Micallef

ORRICK, HERRINGTON & SUTCLIFFE LLP
51 W 52nd Street
New York, New York  10019
Tel.: (212) 506-5000
Fax: (212) 506-5151
jcalvaruso@orrick.com
rmartinelli@orrick.com
rmicallef@orrick.com

ATTORNEYS FOR DEFENDANT
CANON U.S.A., INC.

4

## <u>CERTIFICATE OF SERVICE</u>

This is to certify that on September 29, 2014, all counsel of record were served with the

foregoing document *via* the Court's electronic filing system.

/s/ Eric H. Findlay
Eric H. Findlay